UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWENDOLYN NATASHA FULLER,

    Plaintiff,

v.

SCHOOLCRAFT COLLEGE, et al.,

    Defendants.

                                       /

Case No. 11-cv-15710

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 22)**;**
**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** (docket no. 15)**;**
**AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (docket no. 23)

In this matter, Plaintiff Gwendolyn Natasha Fuller brings 19 federal and state-law claims against Defendant Schoolcraft College and four of its administrators, Dr. Joy Pollard, James Polkowski, Richard Weinkauf, and Glenn Cerny ("Defendants") for events connected to her termination from the nursing program at Schoolcraft College ("Schoolcraft"). *See* Compl., ECF No. 1. On February 6, 2012, this Court referred all pretrial matters to a magistrate judge. ECF No. 8. On April 17, 2012, Defendants moved for summary judgment on all counts. ECF No. 15. After a full round of briefing, the magistrate judge issued a Report & Recommendation ("Report"), recommending the Court grant Defendants' motion as to Plaintiff's federal claims[1] and decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. ECF No. 22.

---

[1] Fuller's federal claims are (1) Freedom of Speech - Retaliation (42 U.S.C. § 1983); (2) Procedural Due Process (42 U.S.C. § 1983); (3) Equal Protection (42 U.S.C. § 1983); (4) Substantive Due Process (42 U.S.C. § 1983); (5) Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1983); (6) Denial Equal Educational Opportunity Prohibited (20 U.S.C. § 1703(d); and (7) Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g).

A copy of the Report was served upon the parties on October 22, 2012. Pursuant to Civil Rule 72(b)(2), each party had fourteen days from that date in which to file any specific written objections to the recommended disposition. A party's specific written objections are entitled to de novo review by this Court.   Fed. R. Civ. P. 72(b)(3).  On November 5, 2012, Fuller filed objections to the Report, and also characterized her objections as a motion for summary judgment. *See* Mot. for Summ. J. and Objections, ECF No. 23.

## BACKGROUND

Fuller applied to Schoolcraft's nursing program in 2009, and was admitted in 2010. As part of the application process, she was required to fill out a Criminal History Statement, disclosing whether she had been convicted of a felony in the previous fifteen years; or had been convicted of a misdemeanor involving abuse or neglect of child or vulnerable adult, as defined in Mich. Comp. § Laws 750.145m, in the preceding ten years. *See* Applicant Statement, ECF No. 15-2. The Criminal History form advised Fuller that failure to disclose such convictions, as well as the convictions themselves, could result in her termination from the program. *Id.* Fuller submitted her Criminal History Statement without indicating that she had any qualifying convictions. *Id.* Schoolcraft inadvertently failed to process her Criminal History Statement prior to her admission. But, once it did, a background check revealed that within the relevant time periods, Fuller had both a felony conviction, and a misdemeanor conviction under Mich. Comp. Laws § 750.145 for neglect of her then four-year old son. *See* ICHAT Report, ECF No. 15-5; Warren Police Dept. Incident Report, ECF No. 15-7. Schoolcraft terminated Fuller from the program because of these two convictions, and because she failed to disclose them in her application. *See* Termination Letter, ECF No. 15-9. Fuller subsequently filed this action.

## DISCUSSION

All three of Fuller's objections to the magistrate judge's Report rely on the contention that she was improperly terminated from Schoolcraft's nursing program. She objects (1) that she has not been convicted of a felony; (2) she was not required to disclose her § 750.145 misdemeanor conviction because she fits within an exemption to background checks under Mich. Comp. Laws § 333.20173a; and (3) because she was not required to disclose the felony or the misdemeanor, Schoolcraft incorrectly concluded that she falsified her application.

As to Fuller's first objection, she has not introduced any evidence that creates a genuine issue of fact with respect to her felony conviction. Defendants attached to their motion for summary judgment the Internet Criminal History Access Tool (ICHAT) Report from the Michigan State Police, listing Fuller's convictions, ECF No. 15-5. The ICHAT Report reveals that Fuller pled guilty to Felony Retail Fraud in 1997. *Id.* Moreover, in 2005 Fuller applied for reciprocity from the State of Michigan for her Louisiana practical nurse license. Defendants submitted a copy of the application, in which Fuller admits she has been convicted of felony. *See* Application, ECF No. 15-6.

The Court notes that the ICHAT Report indicates that the felony conviction took place in a district court in Sterling Heights, Michigan, but as the magistrate judge observed "Michigan district courts do not have jurisdiction over felony cases." Report at 17, n.2 (citing Mich. Comp. Laws § 767.1; *People v. Loukas*, 104 Mich. App. 204 (1981)). The error raises the possibility that Fuller's retail fraud plea resulted in a misdemeanor conviction, not a felony conviction. But this possibility is immaterial for two reasons: First, as the magistrate judge noted, "whatever the status of the retail fraud conviction, it does not impact Defendants' other reasons for termination — the 2005 undisclosed misdemeanor violation

involving [Fuller's] son and her dishonesty on the form." *Id.* Accordingly, even absent the felony conviction, Fuller met Schoolcraft's criteria for termination from the program. Second, even if Fuller could show that the ICHAT Report was in error, it would not necessarily affect the disposition of her federal claims. The basis of Schoolcraft's termination decision, and Schoolcraft's care and deliberation in making the decision, are relevant to Fuller's § 1983 claims. Establishing error on the ICHAT Report, however, does not establish that Schoolcraft acted without due care or with a retaliatory motive by terminating Fuller. This is especially so when Fuller did not provide Schoolcraft any documentation to clarify her criminal record.

Fuller next argues that she was not required to disclose her § 750.145 misdemeanor conviction because she fits within an exemption to background checks under Mich. Comp. Laws § 333.20173a. The cited provision is in the part of the Public Health Code governing facilities and agencies. *See* Mich. Comp. Laws §§ 333.20101-20211. Section 333.20173a(1) provides that facilities covered under the Code "shall not employ, independently contract with, or grant clinical privileges to an individual who regularly has direct access to or provides direct services to patients or residents in the covered facility" if the individual has certain convictions on his or her criminal record. *See* Mich. Comp. Laws § 333.20173a(1). A "misdemeanor for neglect or abuse" within the last ten years is among the convictions listed. Mich. Comp. Laws § 333.20173a(d)*(v)*. Section 333.20173a(2) requires covered facilities to perform criminal history checks on individuals before allowing them direct access to patients. *See* Mich. Comp. Laws § 333.20173a(2). The Code provides an exception to the requirement that covered facilities perform background checks with respect to individuals who were "employed by, under independent contract to, or

4

granted clinical privileges in a covered facility before April 1, 2006." Mich. Comp. Laws § 333.20173a(2)(a). Fuller argues that she fits within this exception.

The objection is irrelevant. Even if Schoolcraft was not required to conduct a background check before allowing Fuller direct access to patients, nothing about the exception *prohibits* Schoolcraft from conducting a background check, or excuses Fuller's dishonesty in her application. Accordingly, the Court will overrule the objection. And because Fuller was required to disclose, at the very least, the misdemeanor conviction, but did not, the Court also overrules Fuller's third objection, that Schoolcraft incorrectly concluded that she falsified her application.

As mentioned above, Fuller characterizes her objections as a motion for summary judgment. But, with respect to Fuller's federal claims, the magistrate judge's Report concluded that Defendants satisfied their burden under Civil Rule 56 to show that "there is no genuine dispute as to any material fact and [Defendants] are entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Having considered and overruled Fuller's specific objections, this Order adopts the Report and grants Defendants' motion for summary judgment. Fuller's objections do not point to any additional evidence that would create a genuine issue of material fact with respect to her claims. Accordingly, to the extent that Fuller's objections are an independent motion for summary judgment, the Court will deny the motion for the same reasons that Defendants' motion is granted, and because it is moot. The Court will also decline to exercise supplemental jurisdiction over Fuller's state-law claims. *See* 28 U.S.C. § 1367(c).

**WHEREFORE** it is hereby **ORDERED** that the Report and Recommendation of October 22, 2012, (docket no. 22) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 15) is **GRANTED** with respect to all federal causes of action in Plaintiff's complaint.

**IT IS FURTHER ORDERED** that Plaintiff's causes of action arising under state law are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (docket no. 23) is **DENIED.**

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 13, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 13, 2012, by electronic and/or ordinary mail.

Carol Cohron
Case Manager

6